PITTSBURGH, C. C. & ST. L. RY. v. S. P. COPENHAVER, ADMR., ET AL.

1. SERVICE UPON CHIEF CLERK OF SUPERINTENDENT OF ONE RAILWAY COMPANY UPON PETITION AGAINST ANOTHER COMPANY NOT EFFECTIVE.

Service upon the chief clerk of a superintendent of a railway company is not service upon a chief officer within the meaning of Sec. 5041 Rev. Stat.; and summons having been served on such officer upon a petition in which a controlling company is named as defendant instead of the operating company, the substitution of the name of the proper company and the amendment of the return of summons to conform thereto are unauthorized to effect appearance of the proper defendant into court.

2. INJUNCTION AGAINST BRINGING SIX ACTIONS BY SAME PLAINTIFF AGAINST SAME DEFENDANT.

Injunction lies to prevent the bringing of six actions by the same plaintiff as administrator of as many estates against the same defendant of which the court has no jurisdiction, when it appears they can result only in void judgments, this to prevent a multiplicity of suits and vexatious litigation.

ERROR to Hamilton common pleas court.

The plaintiff railway company brought an action in the court below to enjoin the defendant, Copenhaver, administrator, from prosecuting six different actions against the said company on account of the deaths of six different members of the same family, who were killed by being struck by a train at one of the company's crossings. These actions were brought against the Pennsylvania Company for the reason, as was stated in the court below, that the cars which composed the train which struck the decedents were marked "the Pennsylvania Lines" and employes of the road had declared to the administrator or his counsel that they were employes of the Pennsylvania Company. The actions were filed in August, 1903, six weeks after the accident. Summons was issued upon the Pennsylvania Company, but was served on W. B. Folger, assistant or chief clerk of the Pitts. C. C. & St. L. Ry. Co., which was the company operating the line upon which the accident occurred, under the control of the Pennsylvania Company. The month following the Pitts. C. C. & St. L. Ry. Co. filed an answer, but did not set up that the Pennsylvania Company was not the proper party defendant. Nearly three years intervened before it was discovered by the plaintiff that the wrong company had been made defendant. A motion to correct the name of the defendant was thereupon filed, which was granted over the

Hamilton County.

objection of the Pitts. C. C. & St. L. Ry. Co., and entries were made correcting the name and also amending the summons and also the return thereon.

Five months thereafter the petition in the present case was filed, the prayer of which was that the administrator be restrained from proceeding to trial or from taking judgment in any of said cases until the company had been properly brought into court, the allegation being that if judgment and levy were taken in these cases as they then stood, it would be without due process of law and contrary to the fourteenth amendment of the constitution of the United States.

In contesting this action it was claimed on behalf of the administrator that notwithstanding the mistake in the name the right party was served with summons; that one of the first maxims of equity had been violated by the railway company, to wit, that he who seeks equity must do equity, the violation being in the fact that nothing was said in the answer of the said company, filed three years before, which would give the plaintiff information that he had not sued the right party; and further, that the company had a complete and adequate remedy at law, and that irreparable injury would result to the administrator by granting an injunction, for the reason that it would prevent the prosecution of cases for six wrongful deaths.

**Maxwell & Ramsey,** for plaintiff in error.

**A. H. Morrill, L. W. Goss, Cogan & Williams** and **Renner & Renner,** for defendant in error:

As against the right of the railway company to an injunction. *Fisher* v. *Hotel & Amuse. Co.* 7 Dec. 67 (4 N. P. 329); *Walker* v. *Railway,* 8 Ohio 38; *Stewart* v. *Railway,* 14 Ohio 353; *McCord* v. *Iker,* 12 Ohio 387; *Coss* v. *Mansfield Lodge No. 56 B. & P. O. E.* 24 O. C. C. 36 (4 N. S. 11); *Wood* v. *Pleasant Ridge (Vil.),* 5 Circ. Dec. 516 (12 R. 177); *Gladwell* v. *Hume,* 9 Circ. Dec. 767 (18 R. 845); *Northern Pac. Ry.* v. *Cannon,* 49 Fed. Rep. 517; *Atkinson* v. *Allen,* 71 Fed. Rep. 58; *Burhaus* v. *Jefferson,* 76 Fed. Rep. 25 [22 C. C. A. 25]; 16 Am. & Eng. Enc. Law 359; *Mullen* v. *Jennings,* 9 N. J. Eq. 192; *North* v. *Kershaw,* 18 Fed. Cas. 331 [4 Blatchf. 70]; *New York & H. Ry.* v. *Haws,* 56 N. Y. 175; High, Injunctions Par. 51.

As to the service of summons on the wrong party, it was contended that the weight of authority is to the effect that if a party is actually served, though served under a wrong name, the error will not be fatal, a proposition sustained by the following authorities. 20 Enc. Pl. &

Railway v. Copenhaver.

Prac. 1131; *Parry* v. *Woodson,* 33 Mo. 347; *Langmaid* v. *Puffer,* 73 Mass. (7 Gray) 378; *Shackman* v. *Little,* 87 Ind. 181; *Kronski* v. *Railway,* 77 Mo. 362; *State* v. *Burtis,* 34 Mo. 92.

## GIFFEN, J.

The chief clerk of the superintendent of a railroad corporation is not a chief officer upon whom service of summons is authorized by Sec. 5041 Rev. Stat., and service upon such person as an officer of the Pennsylvania Company is not even an attempt to serve the Pitts. C. C. & St. L. Ry. Co.; hence, the substitution of the latter company for the former as defendant upon motion of the plaintiff and the amendment of the return of the sheriff are unauthorized to effect the appearance of such defendant.

Where it appears that the court has no jurisdiction of the person of the defendant in six separate actions growing out of the same alleged negligent act of the defendant, which are prosecuted by the same plaintiff, as administrator of six estates, a court of equity will intervene by injunction to prevent a multiplicity of suits and vexatious litigation which can result only in void judgments. *Scofield* v. *Railway,* 43 Ohio St. 571 [3 N. E. Rep. 907; 54 Am. Rep. 846]; *Greene* v. *Railway,* 62 Ohio St. 67 [56 N. E. Rep. 642]; High, Injunctions Sec. 12.

The injunction prayed for will therefore be granted.

**Swing** and **Smith, JJ.,** concur.